COMMONWEALTH *vs.* JUAN OTERO. October 30, 1969. At a trial for murder in the first degree the defendant was found guilty of murder in the second degree of Jesus M. Figueroa and sentenced accordingly. We have reviewed the whole case, mindful of our duty under G. L. c. 278, § 33E, as amended by St. 1962, c. 453. The defendant concedes that the evidence was sufficient to support the verdict. The defendant's main contention on this appeal is that the judge's attitude toward defence counsel before, during and after trial was characterized by a personal antagonism which was so clearly manifested by critical comments, belittling rebukes and adverse rulings as to constitute a denial of a fair trial and the effective assistance of counsel and to require reversal.[1] A fair reading of the transcript, far from supporting the defendant's contention, suggests that counsel should read, ponder, and perhaps profit from our observations in *Commonwealth* v. *Lewis*, 346 Mass. 373, 378–380, cert. den. sub nom. *Lewis* v. *Massachusetts*, 376 U. S. 933. There was no error or inadequacy in the portions of the judge's charge, original or supplemental, dealing with burden of proof, or the credibility of witnesses as affected by records of conviction. The method and extent of a charge to the jury are in the judge's discretion. *Commonwealth* v. *Greenberg*, 339 Mass. 557, 584–585. *Commonwealth* v. *Monahan*, 349 Mass. 139, 171. There was no error in denying the motion to inspect the testimony of the witness Damasco Garcia before the grand jury. The defendant did not contend or offer to show that there was any discrepancy between that testimony and his trial testimony. Cf. *Commonwealth* v. *Doherty*, 353 Mass. 197, 209–210; *Commonwealth* v. *Carita, ante*, 132, 140–141.

*Judgment affirmed.*

*Henry P. Monaghan*, for the defendant, submitted a brief.
*Alan Chapman*, Assistant District Attorney, for the Commonwealth.

---

[1] Otero's trial counsel did not argue the appeal in this court.